United States District Court
Southern District of Texas
**ENTERED**
April 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **FAROUKOU BODE,** Petitioner, | § § § § § § § § § § | Civil Action No. **1:26-cv-069** |
| v. | | |
| **KRISTI NOEM**, Respondent. | | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Faroukou Bode's "Respondent's Petition" (Bode's "Petition").

Dkt. No. 1.  For the reasons discussed below, it is recommended that the Court: (1)

**DISMISS WITHOUT PREJUDICE** Bode's Petition; and (2) **DIRECT** the Clerk of

Court to **CLOSE** this case.

## I.     FACTUAL AND PROCEDURAL BACKGROUND[1]

Bode, a citizen of Togo proceeding pro se, is in immigration custody at the Port

Isabel Detention Center ("PIDC") located in Los Fresnos, Texas.  Dkt. No. 1-1 at 1.  On

June 18, 2025, an immigration judge ("IJ") issued an order of removal for Bode, and

Bode's appeal was dismissed on December 15, 2025.[2]

---

[1] Information obtained from Bode's Petition.  *See* Dkt. No. 1.  Bode's A-number is A-221042301, and his country of origin is Togo.  Dkt. No. 1 at 1; Dkt. No. 1-1 at 1.

[2] In his § 2241 Petition, Faroukou does not provide any information regarding the timeline of his removal proceedings or subsequent appeal.  *See* EOIR Automated Case Information, Executive Office of Immigration Review, https://acis.eoir.justice.gov/en/ (search "A-Number" field as "221042301" and "Nationality" field as "Togo").

## II.    LEGAL STANDARDS

### A.    Federal Subject Matter Jurisdiction: *Standing and Ripeness*

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal courts presume that any given case lies outside this limited jurisdiction, and the party seeking to invoke jurisdiction has the burden of showing otherwise.  *Kokkonen*, 511 U.S. at 377; *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).  Accordingly, federal courts have an independent obligation to examine their own subject matter jurisdiction, even sua sponte.  *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021), *cert. denied*, 142 S.Ct. 1670 (2022) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

The United States Constitution limits federal jurisdiction to the resolution of "cases" and "controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992); U.S. Const. art. III, § 2, cl. 1.  Standing is an "essential and unchanging part" of the Constitution's case-or-controversy requirement.  *Lujan*, 504 U.S. at 559.  Standing requires, in part, an "actual or imminent" injury, i.e., one that is "ripe for decision." *Id.* at 560; *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002), *cert. denied sub nom. Schuehle v. Norton*, 537 U.S. 1071 (2002).  For a claim to be ripe, it must have "matured sufficiently to warrant judicial intervention." *Contender Farms, L.L.P. v. U.S. Dep't of Agric.*, 779 F.3d 258, 267 (5th Cir. 2015) (internal quotations omitted).  A premature claim for relief is not judicially ripe and falls outside the federal courts' limited jurisdiction. *Shields*, 289 F.3d at 835; *see also Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (per curiam)

(noting that standing and ripeness are "essential components of federal subject-matter jurisdiction.").

Without subject matter jurisdiction, federal courts have no authority to adjudicate a case and must dismiss it. *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021); Fed. R. Civ. P. 12(h)(3). Dismissal for lack of subject matter jurisdiction is without prejudice. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

**B.     28 U.S.C. § 2241: *Habeas Review of Final Orders of Removal***

The district courts may grant writs of habeas corpus to persons in federal custody in violation of federal law. 28 U.S.C. § 2241(a), (c)(1), (c)(3). This power extends to immigrant detainees in custody beyond the statutorily mandated removal period. 8 U.S.C. § 1231(a)(1)(A); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Habeas review of removal orders, however, is conditioned on the detainee first exhausting all available administrative remedies. 8 U.S.C. § 1252(d)(1). Failure to exhaust administrative remedies should result in dismissal without prejudice. *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007).

**C.     Immigration and Naturalization Act: *Review of Proceedings under the INA*.**

The Immigration and Naturalization Act ("INA") provides that any alien physically present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The U.S. Citizenship and Immigration Service ("USCIS"), an agency of the U.S. Department of Homeland Security ("DHS"), has jurisdiction over asylum applications filed by aliens not in removal proceedings and conducts the initial interview of the applicant. 8 C.F.R. § 208.2(a)(ii). If the asylum officer denies the application, the asylum officer shall refer the application to an immigration judge ("IJ") for removal proceedings. 8 C.F.R. §

208.14(c)(1).  The alien may appeal the IJ's decision to the Board of Immigration Appeals ("BIA").  8 C.F.R. § 1003.1(b)(3).

An order of removal is final when the BIA affirms an IJ's finding of removability or when the time for appealing an IJ's decision has expired.  *Lopez Acosta v. Rosen*, 832 Fed.Appx. 891, 891 (5th Cir. 2021).  The INA vests exclusive jurisdiction to review final orders of removal in the United States Courts of Appeals.  *Pena Oseguera v. Barr*, 936 F.3d 249, 250 (5th Cir. 2019); 8 U.S.C. § 1252(a)(5).

### III.    DISCUSSION

In his Petition, Bode asks the Court to "please grant me a chance to rebuild what I need to continue to fight my case."  Dkt. No. 1 at 2.  Bode states various reasons why he cannot return to Togo.  *See id*.; *see also* Dkt. No. 1-1.  It appears, then, that Bode is attempting to file an appeal of the BIA's December 15 dismissal of his BIA appeal. However, as discussed above, the INA vests exclusive jurisdiction to review final orders of removal in the United States Courts of Appeals.  *Pena Oseguera*, 936 F.3d at 250. Therefore, the Court does not have jurisdiction over this matter; instead, it is the United States Court of Appeals for the Fifth Circuit that retains exclusive jurisdiction.  For the foregoing reasons Bode's Petition should be denied without prejudice to refiling in the proper court having exclusive jurisdiction.

### IV.    RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Bode's Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V.   NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **20th** day of **April, 2026** at Brownsville, Texas.

_____

**Ignacio Torteya, III**
**United States Magistrate Judge**